# COLLINS *v.* JENKINS.

EQUITY; PUBLIC LANDS; ADEQUATE REMEDY AT LAW.

The holder of a land-scrip certificate for 40 acres of public land upon which a patent has been issued for 17 acres and whose title to the unused portion of the certificate has been quieted and established in a proceeding against the former owners in a suit in another jurisdiction, to which suit the Secretary of the Interior was not a party, is entitled to maintain a proceeding in equity in this jurisdiction against the former owners and the Secretary to quiet and establish his title to the unused portion of the scrip and to require the Secretary to issue for his use a certified copy of the original certificate upon which he can locate the remaining number of acres of land to which he is entitled, the plaintiff having no adequate remedy at law, either by mandamus, replevin, or otherwise.

No. 2833. Submitted November 4, 1915. Decided November 29, 1915.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia, sitting as a court of equity, dismissing a bill to quiet the title of the plaintiff to the unused portion of a certain land-scrip certificate in the custody of the Secretary of the Interior.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This is a bill in equity to quiet title in plaintiff, Jeremiah Collins, to the unused portion of a certain land-scrip certificate in the custody of the Secretary of the Interior of the United States.

It appears that a syndicate composed of twenty-seven members, with headquarters at Great Falls, Montana, purchased a certain land-scrip certificate, which entitled the legal owner thereof to locate 40 acres of public land. One Aaron Chandler was chosen trustee to represent the syndicate. Chandler located two lots, one of 17.88 acres and the other of 22.12 acres. The location was approved and patent issued for the 17.88 acres, and denied as to the 22.12 acres. Chandler subsequently acquired the title to the unused portion of the certificate. He conveyed it to one Jenkins, who conveyed an interest in it to one Gregg. Jenkins and Gregg were members of the syndicate. Gregg sold his interest to plaintiff. In a suit in the district court of Montana for the county of Lewis and Clarke, brought by plaintiff and Jenkins against the remaining members of the syndicate, who were scattered in various parts of the United States, a decree was obtained quieting title in plaintiff and Jenkins. Thereafter, Jenkins died, and his wife, as executrix of his estate, assigned the Jenkins interest to plaintiff.

Plaintiff then made application to the Secretary of the Interior for the unused portion of said certificate, but his application was denied on the ground that the Montana court did not acquire jurisdiction over the nonresident defendants, the property being at the time in the official possession of the Secretary of the Interior in Washington.

This bill was then filed in the supreme court of the District of Columbia by plaintiff, a resident of the District, and in the jurisdiction where the property was located. Service by publication was had on all the defendants excepting the Secretary of the Interior. Two of the defendants, Gregg and Mrs. Jenkins, answered separately that they had heretofore purchased the interest of the other members of the syndicate in said scrip

and had duly assigned it to plaintiff, who was the owner thereof, and prayed that the decree of the court might be without costs to them. The Secretary of the Interior answered, admitting the official custody of the original certificate of scrip and the averments of the bill in so far as it exhibits matters of record in the Department of the Interior, but denied knowledge "as to who is the legal or equitable owner of the right to use the unsatisfied portion of said scrip." He then alleged as follows: "He further states that he disclaims any title, ownership, or beneficial interest in the said scrip, so far as the same remains and is unsatisfied to the extent of 22.12 acres, as averred in the bill; and states that he is willing, and does hereby offer, to deliver into the registry of the court, a duly certified copy of said scrip with indorsement of proper notations thereon, so as to exhibit the amount in acreage of the unused portion thereof, and in condition such as to enable it to be used in the location of land to the amount remaining yet to be satisfied, said duly certified copy of said scrip to be disposed of by this court by delivery to the lawful owner, or in any such manner or form as the court may order and decree. Further answering, he states that he is unwilling to deliver possession of the original piece of scrip, for the following reasons: That the same has been used to the extent of exhausting the right in the owner thereof as to 17.88 acres; that the original deposited as required by law and regulations in the General Land Office has become and now is a part of the permanent records of that office; that the owners of the tract of land already patented in part satisfaction of said scrip are entitled to the benefit of its retention in the custody of the Commissioner of the General Land Office to enable them to obtain duly authenticated copies thereof should occasion arise; but that the delivery of a copy of said scrip with indorsement of proper notations thereon and duly authenticated, as hereinbefore tendered, will serve every lawful purpose of, and confer beneficial use upon, the party or parties to whom the court in this proceeding may decree the ownership." He prayed that he be permitted to go hence without costs.

Counsel for plaintiff applied to the court for the allowance of a decree *pro confesso*. The court refused the request, and entered the following decree: "This cause being submitted to the court   *   *   *   for a decree *pro confesso* against those defendants who have filed no appearance herein, they having been duly served by publication in pursuance of an order of this court, and the court having, upon consideration of the bill of complaint, intimated its opinion that no cause for equitable interposition has been made out thereby, and the plaintiff thereupon submitting the cause to the court for final decree, and upon further consideration thereof, it is   *   *   *   adjudged, ordered, and decreed that said bill of complaint be, and the same is hereby, dismissed." From the decree plaintiff appealed to this court.

*Mr. W. P. Fennell* and *Mr. R. B. Fennell* for the appellant.

*Mr. Preston C. West* and *Mr. C. Edward Wright* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

We are not enlightened by the decree as to the exact ground upon which the court below based its ruling, except as stated in the decree that plaintiff had not shown himself entitled to equitable relief. We are unable to conceive of any adequate and complete legal remedy open to plaintiff. If, as intimated in the brief of counsel, the court suggested either mandamus or replevin as an adequate remedy, we are of opinion that neither of these remedies is open to plaintiff. It is clear that the Montana decree cannot be enforced against the Secretary of the Interior, since he was not a party to that action. All it accomplished, assuming jurisdiction, was to determine the title of plaintiff and Jenkins against the members of the syndicate. When plaintiff's application reached the Secretary, not only had he discretion in determining plaintiff's title to look

into the Montana proceeding, but also the assignment from Jenkins.

Plaintiff's title being challenged by the Secretary of the Interior, mandamus would fail for two reasons,—first, that the question of title could not be adjudicated in that sort of proceeding; and, second, that the Secretary, having official discretion to inquire into the title of plaintiff, the exercise of that discretion cannot be controlled by mandamus. Replevin would be equally fruitless. Assuming, though not deciding, that replevin would lie to recover possession of an official document in the custody of the head of a department of the government, it is clear that the remedy is not available here, for the thing which plaintiff seeks is not in existence. He is not entitled to the original certificate, for that is the record basis in the department for the patent of the 17.88 acres of land, and the most to which the plaintiff is entitled is a certificate such as was tendered in the answer of the Secretary. Replevin is not a proper remedy to invoke official action.

We are of opinion that the case presented is one calling for equitable relief, and that the court erred in refusing to assume jurisdiction. The decree is reversed, with costs to appellees, and the cause is remanded with directions to enter a decree quieting title in plaintiff and directing the Secretary of the Interior to deliver to plaintiff a certificate as tendered in his answer and with assessment of costs against plaintiff.

*Reversed and remanded.*